UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER BOATMAN,　　　　　　　　　No. C 06-5234 SI (pr)

　　　　Petitioner,　　　　　　　　　　　　**ORDER TO SHOW CAUSE**

　　v.

GOVERNOR SCHWARZENEGGER,

　　　　Respondent.
　　　　　　　　　　　　　　　　　　　　／

## INTRODUCTION

　　Christopher Boatman, an inmate at San Quentin State Prison, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

　　According to the transfer order in this case, Boatman was convicted and sentenced in Fresno County Superior Court. The date and terms of his sentence are not stated in his petition. His petition does not challenge his conviction but instead challenges an August 24, 2005 decision by Governor Schwarzenegger that reversed the April 6, 2005 decision of the Board of Parole Hearings ("BPH") that found him suitable for parole. Boatman alleges that he filed unsuccessful state habeas petitions before filing this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Boatman alleges that Governor Schwarzenegger's decision was not supported by sufficient evidence. Liberally construed, the allegation states a cognizable claim for a due process violation. See Board of Pardons v. Allen, 482 U.S. 369 (1987); Sass v. California Board of Prison Terms, 461 F.3d 1123, 1128-29 (9th Cir. 2006).

**CONCLUSION**

For the foregoing reasons,

1. The due process claim warrants a response from respondent.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **January 19, 2007**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the parole hearing record that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

2

4.     If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **February 23, 2007**.

IT IS SO ORDERED.

DATED: November 13, 2006

SUSAN ILLSTON
United States District Judge